UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

_____
                                            )
IN RE APPLICATION OF THE                    )
UNITED STATES OF AMERICA                    )     CASE NO.  MJ 13-0147-B
FOR AN ORDER AUTHORIZING THE                )
INSTALLATION AND USE OF PEN                  )
REGISTERS AND TRAP AND TRACE                 )
DEVICES AND ACQUISITON OF CELL-SITE          )     **Filed Under Seal**
INFORMATION                                 )
_____    )

## APPLICATION

The United States of America, moving by and through Sean P. Costello, Assistant United

States Attorney for the Southern District of Alabama, its undersigned counsel, respectfully

submits under seal this *ex parte* application for an order pursuant to 18 U.S.C. §§ 3122-24 and 18

U.S.C. § 2703(d), authorizing the installation and use of pen registers and trap and trace devices

("pen-trap devices") on the Verizon cell phone number(s) 251-295-5102 (the "target cell

phone"), with listed subscriber not known, and the acquisition of certain approximate location

information for the target cell phone(s), and other dialing, routing, and signaling information that

may be associated with communications to or from the target cell phone(s), as described in

Attachment A to the proposed Order, in connection with a criminal investigation conducted by

the United States Marshals Service of Thomas Neal Lynn, Jr. regarding possible violations of the

terms of his supervised release. In support of this application, the United States asserts:

## LEGAL BACKGROUND

1.      The Court may authorize the installation and use of pen-trap devices to collect

prospective dialing, routing, signaling and addressing information associated with wire and

electronic communications, not including the contents of any communication, pursuant to 18

U.S.C. §§ 3122-24. The Court may order a cell phone provider to disclose records or other information relating to the provider's subscribers pursuant to 18 U.S.C. §§ 2703(c)(1) and (d). Based on the combined authority of these statutes, the United States seeks prospective location information and other dialing, routing, signaling and addressing information concerning communications originating or terminating from the cell phone.

2.      18 U.S.C. § 3123(a)(1) gives the court the authority to authorize the installation and use of pen-trap devices anywhere within the United States, where the Court finds that an attorney for the Government has certified to the Court that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation. Under 18 U.S.C. § 3122(b), an application for the authorization of a pen-trap device must include three elements. (1) "the identity of the attorney for the Government or the State law enforcement or investigative officer making the application"; (2) "the identity of the law enforcement agency conducting the investigation"; and (3) "a certification by the applicant that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency." 18 U.S.C. § 3122(b).

3.      The undersigned applicant is an "attorney for the government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure. The law enforcement agency conducting the investigation is the United States Marshals Service.

4.      In the next section of this application, the applicant will certify that the information likely to be obtained through this order is relevant to this ongoing criminal investigation.

5.      Verizon Wireless is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under 18 U.S.C. §§ 3122-24 and 18 U.S.C. § 2703(d) to require Verizon Wireless to disclose the items described in Section II of Attachment A.

6.      A court order under 18 U.S.C. § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records or other information described in Section II of Attachment A are relevant and material to an ongoing criminal investigation.

<u>RELEVANT FACTS</u>

7.      A cellular telephone, or cell phone, is a mobile device that transmits and receives wire and electronic communications. Individuals using cell phones contract with service providers, who maintain antenna towers covering specific geographic areas. In order to transmit or receive calls and data, a cell phone must send a radio signal to an antenna tower that, in turn, is connected to a cellular service provider's network.

8.      In addition to a unique telephone number, each cell phone has one or more unique identifiers embedded inside it. Depending on the cellular network and the device, the embedded unique identifiers for a cell phone could take several different forms, including an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), a Mobile Subscriber Integrated

Services Digital Network Number ("MSISDN"),  an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Equipment Identity ("IMEI"). The unique identifiers – as transmitted from a cell phone to a cellular antenna or tower – are like the telephone numbers of an incoming call. They can be recorded by pen-trap devices and indicate the identity of the cell phone device making the communication without revealing the communication's content.

9.      Verizon Wireless is a company that provides cellular telephone access to the general public, and is headquartered at 180 Washington Valley Road, Bedminster, NJ  07921. Providers of cellular telephone service have technical capabilities that allow them to collect data that identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received radio signals from particular cell phones ("cell-site" location information).  For each communication a cell phone makes, its cellular providers can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer was connected at the end of the communication; and (5) the duration of the communication. Many cell towers divide their coverage up into multiple sectors (most often three 120º sectors). Where this is the case, the provider can usually identify the sector of the tower that transmitted the communication. However, cell towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to the cell phone does not necessarily serve every call made to or from that phone. Accordingly, this cell-site information allows law enforcement to determine only the general location of a cell phone.

10.      In addition, a list of incoming and outgoing telephone numbers is generated when a cell phone is used to make or receive calls, or to send or receive text messages (which may

include photographs, videos, and other data). These telephone numbers can be recorded by pen-trap devices and then used to identify the parties to a communication without revealing the communication's contents. A cell phone can also be used to exchange text messages with email accounts. Email addresses associated with those text messages can be recorded by pen-trap devices and then used to identify parties to a communication without revealing the communication's contents.

11.     On April 10, 2006, in the Northern District of Alabama, the Honorable R. David Proctor sentenced LYNN to the Bureau of Prisons (BOP) for a term of 151 months for the offense of Bank Robbery. On July 10, 2008 LYNN's sentence was reduced to 78 months. Upon release from prison LYNN's supervision was transferred to the Southern District of Alabama. On October 11, 2012, LYNN's supervised release was revoked and he was sentenced to the BOP for four months. On February 1, 2013 LYNN was released from prison and on February 5, 2013 reported to the U.S. Probation office in Mobile. LYNN admitted to using alcohol and cocaine on the day he was released and did test positive for the substance. On February 13, 2013, U.S. District Judge Kristi K. Dubose issued a warrant for his arrest based on his apparent violation of the terms of his supervised release. LYNN has not been located.

12.     On November 14, 2013, this fugitive investigation was aired on local media websites. Shortly after, Criminal Investigator Deputy United States Marshal Timothy Garrett received a phone call regarding the whereabouts of LYNN. The caller, a high school classmate of LYNN's, was contacted on November 11, 2013 by LYNN via Facebook. LYNN indicated he was desperate and stranded in Detroit, Michigan. LYNN provided a phone number of 251-295-5102 where he could be reached. The caller corresponded via text message with LYNN using this phone number.

13.     The applicant hereby certifies that the information likely to be obtained by the requested pen-trap devices is relevant to an ongoing criminal investigation being conducted by the United States Marshals Service, as required by 18 U.S.C. § 3122(b)(2). Similarly, the facts set forth above show that there are reasonable grounds to believe that the records and information described in Section II of Attachment A are relevant and material to an ongoing criminal investigation, as required by 18 U.S.C. § 2703(d). Specifically, this information will help the United States locate the fugitive and execute the outstanding warrant for his arrest.

GOVERNMENT REQUESTS

14.     For the reasons stated above, the United States requests that the Court enter an Order authorizing the installation and use of pen-trap devices to record, decode, and/or capture the information described in Attachment A for each communication to or from the target cell phone(s), without geographic limit. The United States does not request and does not seek to obtain the contents of any communications, as defined in 18 U.S.C. § 2510(8), and does not seek GPS data.

15.     The United States further requests that the Court authorize the foregoing installation and use for a period of sixty days, pursuant to 18 U.S.C. § 3123(c)(1).

16.     The United States further requests, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that the Court order Verizon Wireless and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate execution of this Order to furnish, upon service of the Order, information, facilities, and technical assistance necessary to install the pen-trap devices, including installation and operation of the pen-trap devices unobtrusively and with minimum disruption of normal service. Any entity providing such assistance shall be reasonably compensated by the United States Marshals

Service, pursuant to 18 U.S.C. § 3124(c), for reasonable expenses incurred in providing facilities and assistance in furtherance of this Order.

17.     The United States further requests that the Court order that the United States Marshals Service and the applicant have access to the information collected by the pen-trap devices as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to them, for the duration of the Order.

18.     The United States further requests that the Court order Verizon Wireless and any other person or entity whose assistance may facilitate execution of this Order to notify applicant and the United States Marshals Service of any changes relating to the target cell phone(s), including changes to subscriber information and to provide prior notice to the applicant and the United States Marshals Service before terminating or changing service to the target cell phone(s).

19.     This Court has jurisdiction to issue the proposed Order because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

20.     The United States further requests that the Court order that this application and any resulting order be sealed until December 31, 2013. *See* 18 U.S.C. § 3123(d)(1). These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their disclosure may seriously jeopardize that investigation.

I declare under penalty of perjury that the foregoing is true and correct.


Respectfully submitted,

7

KENYEN R. BROWN
UNITED STATES ATTORNEY


_____
Sean P. Costello
Assistant United States Attorney
Southern District of Alabama
63 S. Royal St., Suite 600
Mobile, AL 36602